IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LAURA MASTRACCIO, and
ARLETTA and CHARLES
KALOGERAS
Plaintiffs,

VS.

LONG BEACH MORTGAGE
COMPANY
Defendant

C.A. CA 07 162 S

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Long Beach Mortgage Company (hereinafter "Long Beach") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .23.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### Facts Pertaining to Plaintiff Laura Mastracchio

4. Plaintiff Laura Mastracchio resides at 349 James Trail, Richmond, RI 02892.

5. On or about March 10, 2006 Plaintiff Mastracchio obtained a loan from Long Beach, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Mastracchio received or signed the following documents:

1. A note in the principal amount of $283,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 1; and
5. A HUD-1 Settlement Statement.

7. On or about October 23, 2006 Plaintiff Mastracchio exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Long Beach. A Copy of the notice is attached as Exhibit 2.

### Facts Pertaining to Plaintiffs Arletta and Charles Kalogeras

8. Plaintiffs Arletta and Charles Kalogeras reside at 12 Corys Ct., Portsmouth, RI 02871.

9. On or about May 23, 2005 Plaintiffs Kalogeras obtained a loan from Long Beach, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiffs Kalogeras received or signed the following documents:

1. A note in the principal amount of $250,000;

2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 3; and
5. A HUD-1 Settlement Statement.

11. On or about June 2, 2006 Plaintiffs Kalogeras exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Long Beach. A Copy of the notice is attached as Exhibit 4.

**DEFENDANT**

12. Defendant Long Beach Mortgage Company is a Delaware corporation with its principal place of business at 1301 2nd Ave., WMC3501, Seattle, WA 98101.

13. Long Beach enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

14. Long Beach is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

15. Long Beach is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

16. Plaintiffs incorporate ¶¶ 1-15 as if fully set out herein.

17. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12

C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

18. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and <u>shall clearly and conspicuously disclose the following</u>:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> **(v) <u>The date the rescission period expires.</u>**
>
> (12 C.F.R. § 226.23(b)(1).)(Emphasis added)

**<u>DEFECTIVE NATURE OF DISCLOSURES</u>**

19. In connection with the Plaintiffs' loans, Long Beach Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons:

**Incomplete Notices**

20. The Defendant Long Beach Mortgage failed to deliver to the Plaintiffs notices of right to cancel that **"clearly and conspicuously disclosed the borrower's rescission rights"** in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

21. By failing to indicate the date of the transaction and the date by which the right to cancel had to be exercised, Long Beach failed to give to the Plaintiffs ***"clear and conspicuous"*** notice of their right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z,12 C.F.R. § 226.23.

22. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

23. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

24. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Long Beach as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre