# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAURA MASTRACCIO; ARLETTA AND CHARLES KALOGERAS,<br>Plaintiffs<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br>Defendant | C.A. No. 07-162S |

## ANSWER OF DEFENDANT WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY

Now comes Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company ("Defendant"), and hereby answers the Complaint as follows:

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof. To the extent that Plaintiffs allege any wrongdoing by Defendant, Defendant denies the same.

## JURISDICTION AND VENUE

2. Admitted that this Court has subject matter jurisdiction.

3. Admitted that this District is the correct venue.

## PARTIES AND FACTS

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

5. Admitted that on or about March 10, 2006, Plaintiff Mastracchio obtained a loan from Defendant which was secured by a mortgage on 349 James Trail Richmond, RI 02892.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint concerning the actual use of the loan proceeds and therefore leaves Plaintiffs to their proof.

6. Admitted that Plaintiff Mastracchio received or signed all of the listed documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint concerning the accuracy of the attached Exhibit 1 and therefore leaves Plaintiffs to their proof.

7. Defendant admits that Plaintiff Mastracchio attempted to exercise her purported right to rescind the loan.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

9. Admitted that on or about May 23, 2005, Plaintiffs Kalogeras obtained a loan from Defendant which was secured by a mortgage on 12 Corys Ct. Portsmouth, RI 02871. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint concerning the actual use of the loan proceeds and therefore leaves Plaintiffs to their proof.

10. Admitted that Plaintiffs Kalogeras received or signed all of the listed documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Complaint concerning the accuracy of the attached Exhibit 3 and therefore leaves Plaintiffs to their proof.

11. Defendant admits that Plaintiffs Kalogeras attempted to exercise their purported right to rescind the loan.

**DEFENDANT**

12. Denied. Defendant has a principal place of business at 1400 S. Douglass Road, Suite 100, Anaheim, CA 92806.

13. Admitted that Long Beach Mortgage Company did enter into more than 5 transactions per year in which credit was extended that was secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence. Defendant is the successor in interest to Long Beach Mortgage Company.

14. Paragraph 14 of Plaintiffs' Complaint is a legal conclusion to which no response is required.

15. Admitted that Long Beach Mortgage Company serviced the subprime market. However, Defendant, its successor, is not commonly known as a subprime lender.

**COUNT I – TRUTH IN LENDING ACT**

16. Defendant restates and realleges paragraphs 1 through 15 as if more fully stated herein.

17. Paragraph 17 of Plaintiffs' Complaint is a legal conclusion to which no response is required. Moreover, 15 U.S.C. § 1635 speaks for itself and is the best evidence of the terms thereof.

18. Paragraph 18 of Plaintiffs' Complaint is a legal conclusion to which no response is required. Moreover, 12 C.F.R. § 226.23 speaks for itself and is the best evidence of the terms thereof.

**DEFECTIVE NATURE OF DISCLOSURES**

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

20. Paragraph 20 of Plaintiffs' Complaint is a legal conclusion to which no response is required.

21. Paragraph 21 of Plaintiffs' Complaint is a legal conclusion to which no response is required.

22. Paragraph 22 of Plaintiffs' Complaint is a legal conclusion to which no response is required.

23. Paragraph 23 of Plaintiffs' Complaint is a legal conclusion to which no response is required. Further, 15 U.S.C. § 1635 speaks for itself and is the best evidence of the terms thereof.

24. Paragraph 24 of Plaintiffs' Complaint is a legal conclusion to which no response is required.

WHEREFORE, Defendant prays that this Honorable Court deny the relief requested by Plaintiffs, dismiss the Complaint, award it its fees and costs and grant such other and further relief as is just.

## AFFIRMATIVE DEFENSES:

1. The Plaintiffs fail to state a cause of action for which relief can be granted.

2. If Plaintiffs suffered any damages, which Defendant denies, their claims to relief are barred because such damages are a result of the conduct of another or others for whom Defendant is not responsible.

WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Thomas J. Enright
Charles A. Lovell (#4004)
Thomas J. Enright (#7356)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: August 20, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON AUGUST 20, 2007 A COPY OF THE FOREGOING ANSWER OF DEFENDANT WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

Christopher Lefebvre, Esq.
Claude Lefebvre & Sons
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02860
lefeblaw@aol.com

/s/Thomas J. Enright