**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LAURA MASTRACCIO, et al** | : | |
| **Plaintiffs,** | : | **C.A. NO. 07-162S** |
| | : | |
| **VS.** | : | |
| | : | |
| **LONG BEACH MORTGAGE** | : | |
| **COMPANY** | : | |
| **Defendant** | : | |

## PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT

This action seeks redress against a mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. On or about March 10, 2006 Plaintiff Mastracchio obtained a loan from Long Beach Mortgage Company ("Long Beach"), secured by her residence, for the purpose of debt consolidation. On or about May 23, 2005 Plaintiffs Arletta and Charles Kalogeras obtained a loan from Long Beach Mortgage Company, secured by their residence, for the purpose of debt consolidation. In connection with the Plaintiffs' loan, Long Beach failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons: The copies of the notice of right to cancel actually delivered by the Defendant Long Beach in connection with the refinance mortgage transactions referenced herein were incomplete and defective because they did not disclose the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. Notice of rescission has

been given to the Defendant Long Beach. However the Defendant has not rescinded any of the mortgage loans referenced herein. The instant lawsuit was filed shortly thereafter to enforce rescission of both loans.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Under TILA regulations, a creditor is required to "deliver two copies of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "**clearly and conspicuously**" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 ( N.D.Ill. 1999).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232

B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiffs to prevail, they need only convince the jury that they were provided inaccurate and defective notices of the right to cancel as referenced in Exhibits 1 & 3 of the Complaint. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiffs received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiffs and probably via the testimony of the closing agents. Plaintiffs seek absolute rescission of their loan, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/ Christopher M. Lefebvre
BBO # 4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Pre-Trial Conference Statement upon the Defendant's attorney, Charles Lovell via the ECF System of the District Court of Rhode Island on the18th day of September 2007.

/s/ Christopher M. Lefebvre