**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LAURA MASTRACCIO; ARLETTA AND CHARLES KALOGERAS,<br>Plaintiffs<br><br>v.<br><br>WASHINGTON MUTUAL BANK,<br>Defendant | C.A. No. 07-162S |

**MEMORANDUM OF LAW IN SUPPORT OF THE ASSENTED-TO MOTION OF DEFENDANT WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY, FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

Defendant Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company ("WaMu"), seeks leave to file and serve a Third-Party Complaint against Paul T. Dicristofaro, Esq., P.C., d/b/a Dicristofaro Law Offices ("DLO"), Paul T. Dicristofaro, Esq. ("Dicristofaro"), Liberty Title & Escrow Company, Inc. ("Liberty") and Gary D. Marinosci, Esq. ("Marinosci", collectively referred to as "Third-Party Defendants"). Plaintiffs Laura Mastracchio and Arletta and Charles Kalogeras ("Plaintiffs") assent to this Motion. Moreover, Magistrate Judge Lovegreen directed the undersigned to file this Motion and the corresponding Third Party Complaint in order to best facilitate resolution of this matter.

Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant, acting as a third-party plaintiff, may implead any non-party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Where, as here, more than ten days has passed since the serving of the original answer, a defendant must obtain leave of court in order to bring the third-party into the suit. Fed. R. Civ. P. 14(a).

The district court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v.

Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999) (citing Highlands Ins. Co. v. Lewis Rail Serv. Co., 10 F.3d 1247, 1251 (7th Cir. 1993); United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983)). The First Circuit has noted that this is a "liberal standard." Id.

In the case at hand, Plaintiffs' claim against WaMu is based upon the alleged failure of the Third-Party Defendants to provide compliant notices of the right to rescind. Although the Truth in Lending Act imposes liability upon lenders based upon such a failure, those lenders are certainly afforded the right to obtain indemnity from the actively negligent party – the closing agent - and otherwise exercise all contractual and tort-based rights they may have. Accordingly, WaMu holds a colorable claim of derivative liability against the Third-Party Defendants.

Leave to file and serve the Third-Party Complaint would not unduly delay or prejudice the ongoing litigation. At the January 17, 2008 Settlement Conference, Magistrate Judge Lovegreen directed the undersigned to file this Motion and the corresponding Third Party Complaint in order to best facilitate a resolution of this matter. Plaintiffs have also assented to this Motion for that same reason. Moreover, WaMu has moved quickly to ensure that the responsible parties were brought before this Court. Plaintiffs filed suit on May 7, 2007, to which WaMu filed an answer on August 20, 2007. A Rule 16 conference took place on October 1, 2007, at which time Plaintiffs' counsel indicated that he would be subpoenaing the records of the two closing agents to determine whether either had a compliant notice of the right to cancel. The undersigned notified Plaintiffs' counsel of his intention to file a third party complaint based upon the documents obtained as a result of said subpoenas. Plaintiffs' counsel forwarded to the undersigned the two sets of closing documents on October 10, 2007 and November 1, 2007.

Neither set of documents contained a compliant notice of right to cancel, as required by WaMu. Since that time, counsel for WaMu has engaged in discussions with representatives of the Third Party Defendants in order to resolve these issues without resort to bringing them before this Court. Unfortunately, WaMu has been unsuccessful in that regard. On January 18, 2008, Magistrate Judge Lovegreen directed the undersigned to file this Motion and a Third Party Complaint. Upon receiving the Third Party Defendants' answers, the undersigned has also been directed to contact Magistrate Judge Lovegreen's clerk to schedule another settlement conference including the newly added parties. WaMu now, just days after discussing this option with Plaintiffs' counsel and Magistrate Judge Lovegreen, seeks to implead both closing agents. The impleading of the closing agents will have no effect on the positions of the parties. In fact, it is in the interest of judicial economy to have the allegedly responsible parties brought before this Court, rather than initiating a second action, to determine the best way to resolve the matter. Allowing the motion will similarly not prejudice the closing agents. The factual issues in this matter are relatively simple and liability will be determined based on whether Plaintiffs received the required disclosures or not.

For all of these reasons, Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company, respectfully seeks leave to file and serve a Third-Party Complaint against Paul T. Dicristofaro, Esq., P.C., d/b/a Dicristofaro Law Offices, Paul T. Dicristofaro, Esq., Liberty Title & Escrow Company, Inc. and Gary D. Marinosci, Esq.

WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Thomas J. Enright

Thomas J. Enright (#7356)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 5, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON FEBRUARY 5, 2008 A COPY OF THE FOREGOING ASSENTED-TO MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT OF DEFENDANT WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

Christopher Lefebvre, Esq.
Claude Lefebvre & Sons
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02860
lefeblaw@aol.com

/s/Thomas J. Enright