# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

LAURA MASTRACCIO; ARLETTA AND CHARLES KALOGERAS,
Plaintiffs

v.

WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY
Defendant/Third Party Plaintiff

v.

LIBERTY TITLE & ESCROW COMPANY; PAUL T. DICRISTOFARO, ESQ., PC, D/B/A DICRISTOFARO LAW OFFICES

C.A. No. 07-162S

## THIRD-PARTY COMPLAINT

Now comes Defendant, Third-Party Plaintiff, Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company ("WaMu"), and for its Third-Party Complaint against Third-Party Defendants states as follows:

## PARTIES

1. Long Beach Mortgage Company is a subsidiary of Washington Mutual Bank and has a principal place of business at 1400 S.Douglass Road, Suite 100, Anaheim, CA 92806.

2. Third-Party Defendant Liberty Title & Escrow Company ("Liberty") is a Rhode Island corporation with a principal place of business at 1575 South County Trail, East Greenwich, RI 02818.

3. Upon information and belief, Third-Party Defendant Gary D. Marinosci, Esq. ("Marinosci") is an individual and the President of Liberty with a residence at 55

Longmeadow Drive, East Greenwich, RI 02818.

4. Third-Party Defendant Paul T. Dicristofaro, Esq., PC, d/b/a Dicristofaro Law Offices ("DLO") is a Rhode Island corporation with a principal place of business at 400 Reservoir Avenue, Suite 31, Providence, RI 02907.

5. Upon information and belief, Third-Party Defendant Paul T. Discristofaro, Esq. ("Dicristofaro") is an individual and the President of DLO with a residence at 34 Freedom Drive, Cranston, RI 02920.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this court under 28 U.S.C. § 1332(a) because this matter involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000. Jurisdiction is also proper in this court under 28 U.S.C. § 1367(a) because this matter is part of the same case or controversy as the original complaint.

7. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims hereunder occurred in this district.

**FACTS**

8. On or about May 23, 2005, WaMu entered into a loan transaction with Plaintiffs Arletta and Charles Kalogeras ("Plaintiffs Kalogeras").

9. Liberty and Marinosci acted as WaMu's closing agents in connection with the Kalogeras loan transaction.

10. In connection with the closing of the Kalogeras loan transaction, Liberty was provided with specific closing instructions obligating Liberty and Marinosci to deliver compliant Notices of the Right to Cancel the loan transaction.

11. Three days prior to the closing of the Kalogeras loan transaction, Liberty was provided with a fifteen (15) page fax of various closing documents.

12. The cover page of said fax expressly obligated Liberty and Marinosci to complete all dates on the Notice of Right to Cancel.

13. The cover page of said fax stated the two specific dates required on the Notice of Right to Cancel and cautioned Liberty to "double check before borrower(s) sign."

14. Plaintiffs Kalogeras have alleged that Liberty and Marinosci failed to deliver two adequate and compliant copies of the Notice of Right to Cancel. Specifically, the two dates on the Notice of Right to Cancel were not filled in.

15. If this allegation is true, WaMu would be forced to rescind the loan transaction, discharge its mortgage, reimburse Plaintiffs Kalogeras their finance charges, attorneys' fees, and costs, and incur statutory penalties.

16. On or about March 10, 2006, WaMu entered into a loan transaction with Plaintiff Laura Mastracchio ("Plaintiff Mastracchio").

17. DLO and Dicristofaro acted as WaMu's closing agents in connection with the Mastracchio loan transaction.

18. In connection with the closing of the Mastracchio loan transaction, DLO was provided with specific closing instructions obligating DLO and Dicristofaro to deliver compliant Notices of the Right to Cancel the loan transaction.

19. Three days prior to the closing of the Kalogeras loan transaction, DLO was provided with a fifteen (15) page fax of various closing documents.

20. The cover page of said fax expressly obligated DLO and Dicristofaro to complete all dates on the Notice of Right to Cancel.

21. The cover page of said fax stated the two specific dates required on the Notice of Right to Cancel and cautioned DLO to "double check before borrower(s) sign."

22. Plaintiff Mastracchio has alleged that DLO and Dicristofaro failed to deliver two adequate and compliant copies of the Notice of Right to Cancel. Specifically, the two dates on the Notice of Right to Cancel were not filled in.

23. If this allegation is true, WaMu would be forced to rescind the loan transaction, discharge its mortgage, reimburse Plaintiff Mastracchio her finance charges, attorneys' fees, and costs, and incur statutory penalties.

**COUNT I**
**Breach of Contract**

24. WaMu repeats and realleges paragraphs 1 through 23 as if each were fully set forth herein.

25. The closing instructions and cover pages of the relevant faxes are valid and enforceable contracts.

26. As set forth in detail herein, DLO, Dicristofaro, Liberty and Marinosci have breached their contracts with WaMu by failing to provide the borrowers with compliant Notices of the Right to Cancel.

27. As a result of the breaches of DLO, Dicristofaro, Liberty and Marinosci, WaMu has been damaged and continues to be damaged in an amount sufficient to confer jurisdiction upon this Court.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to their breach of contract, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's

fees incurred in this action and for such other and further relief as this Court deems just and proper.

**COUNT II**
**Negligence**

28. WaMu repeats and realleges paragraphs 1 through 27 as if each were fully set forth herein.

29. DLO, Dicristofaro, Liberty and Marinosci owed WaMu a duty of exercising reasonable care and meeting the standard of care applicable to closing agents in connection with serving as WaMu's agent in closing the loan.

30. DLO, Dicristofaro, Liberty and Marinosci owed WaMu a duty of complying with the law in connection with serving as WaMu's agent in closing the loan.

31. As set forth in detail herein, DLO, Dicristofaro, Liberty and Marinosci have breached their duties owed to WaMu and have deviated from the applicable standard of care by failing to provide the borrowers with compliant Notices of the Right to Cancel.

32. The negligence of DLO, Dicristofaro, Liberty and Marinosci has caused WaMu damage.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to their negligence, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other and further relief as this Court deems just and proper.

**COUNT III**
**Malpractice**

33. WaMu repeats and realleges paragraphs 1 through 32 as if each were fully set forth herein.

34. Dicristofaro and Marinosci, as attorneys for WaMu, owed a duty of care to WaMu.

35. Dicristofaro and Marinosci are held to that degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in this jurisdiction.

36. That degree of care requires an attorney to ensure that the Notices of Right to Cancel are compliant with the law.

37. As set forth in detail herein, Dicristofaro and Marinosci have breached their duties owed to WaMu and have deviated from the applicable standard of care by failing to provide the borrowers with compliant Notices of the Right to Cancel.

38. The malpractice committed by Dicristofaro and Marinosci has caused WaMu damage.

39. As the employers of Dicristofaro and Marinosci, DLO and Liberty are liable to the same extent based on the malpractice of the specific attorneys.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to their malpractice, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other and further relief as this Court deems just and proper.

## <u>COUNT IV</u>
## <u>Breach of Fiduciary Duty</u>

40. WaMu repeats and realleges paragraphs 1 through 39 as if each were fully set forth herein.

41. DLO, Dicristofaro, Liberty and Marinosci owed WaMu a fiduciary duty.

42. As set forth in detail herein, DLO, Dicristofaro, Liberty and Marinosci

have breached their fiduciary duties owed to WaMu by failing to provide the borrowers with compliant Notices of the Right to Cancel.

43. The breach of fiduciary duty committed by DLO, Dicristofaro, Liberty and Marinosci has caused WaMu damage.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to their breach of fiduciary duty, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other and further relief as this Court deems just and proper.

**COUNT V**
**Equitable Indemnity**

44. WaMu repeats and realleges paragraphs 1 through 43 as if each were fully set forth herein.

45. Dicristofaro and DLO are liable to WaMu for all or part of the claims against it brought by Mastracchio to the full extent of any recovery.

46. Marinosci and Liberty Title are liable to WaMu for all or part of the claims against it brought by Kalogeras to the full extent of any recovery.

47. If WaMu is found liable to Plaintiffs, which WaMu expressly denies, then such liability arises solely through and as a result of the actions or omissions of DLO, Dicristofaro, Liberty and Marinosci.

48. The acts and omissions of DLO, Dicristofaro, Liberty and Marinosci give rise to a cause of action against them by the Plaintiffs.

49. As between WaMu and the Third Party Defendants, the obligation ought to be discharged by DLO, Dicristofaro, Liberty and Marinosci.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to the acts and omissions of them, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other and further relief as this Court deems just and proper.

**COUNT VI**
**Implied Contractual Indemnity**

50. WaMu repeats and realleges paragraphs 1 through 49 as if each were fully set forth herein.

51. As the attorneys and agents for WaMu, with the responsibility of closing the relevant transactions in accordance with the law, DLO, Dicristofaro, Liberty and Marinosci were in a generally recognized special relationship with WaMu.

52. Pursuant to that relationship, it was implied that DLO, Dicristofaro, Liberty and Marinosci would indemnify WaMu for losses caused by the acts or omissions of DLO, Dicristofaro, Liberty and Marinosci.

WHEREFORE WaMu demands judgment against DLO, Dicristofaro, Liberty and Marinosci for all damages incurred arising from or related to the acts and omissions of them, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other and further relief as this Court deems just and proper.

WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY

By Its Attorney

PARTRIDGE SNOW & HAHN, LLP

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
2364 Post Road, Suite 100
Warwick, RI 02886
(401) 681-1900
(401) 681-1910 FAX

DATED: February 20, 2008