**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LAURA MASTRACCIO; ARLETTA AND CHARLES KALOGERAS, *Plaintiffs* | : | |
| vs. | : | C.A. No.: 07-162S |
| WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY, *Defendant/Third-Party Plaintiff* | : | |
| vs. | : | |
| LIBERTY TITLE & ESCROW COMPANY; PAUL T. DICRISTOFARO, ESQ., PC, D/B/A DICRISTOFARO LAW OFFICES, Third-Party Defendants. | : | |

**ANSWER OF THIRD PARTY DEFENDANTS PAUL T. DICRISTOFARO, ESQ., PC, D/B/A DICRISTOFARO LAW OFFICES AND PAUL T. DICRISTOFARO, ESQ., TO THIRD-PARTY PLAINTIFF'S COMPLAINT**

**First Defense**

1. Third-Party Defendants Paul T. DiCristofaro, Esq., PC d/b/a DiCristofaro Law Offices and Paul T. DiCristofaro, Esq. (hereinafter "Defendants") are without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 1 of the Third-Party Complaint.

2. Defendants are without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 2 of the Third-Party Complaint.

3. Defendants are without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 3 of the Third-Party Complaint.

4. Admitted that Paul T. DiCristofaro, Esq., PC, d/b/a DiCristofaro Law Offices is a Rhode Island corporation with a business address of 400 Reservoir Avenue in Providence, Rhode Island.

5. Admitted.

## JURISDICTION AND VENUE

6. The allegations made in Paragraph 6 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

7. The allegations made in Paragraph 7 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

## FACTS

8. The allegations of Paragraph 8 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

9. The allegations of Paragraph 9 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

10. The allegations of Paragraph 10 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

11. The allegations of Paragraph 11 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

12. The allegations of Paragraph 12 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

13. The allegations of Paragraph 13 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

14. The allegations of Paragraph 14 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

15. The allegations of Paragraph 15 are not directed to Defendants, but to the extent that an answer is required Defendants state that they are without sufficient information to form a belief as to the truth of the matters alleged.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 of Third-Party Complaint, but leave the Third-Party Plaintiff to its proof thereof.

17. Defendants only admit that they acted as a closing agent for Long Beach Mortgage Company in regard to a loan to Ms. Mastraccio.

18. Denied.

19. Defendants neither admit nor deny the allegations contained in Paragraph 19 of Third-Party Complaint, but leave the Third-Party Plaintiff to its proof thereof.

20. Denied.

21. Denied.

22. Defendants neither admit nor deny the allegations contained in Paragraph 22 of Third-Party Complaint, but leave the Third-Party Plaintiff to its proof thereof.

23. Defendants neither admit nor deny the allegations contained in Paragraph 23 of Third-Party Complaint, but leave the Third-Party Plaintiff to its proof thereof.

**COUNT I – Breach of Contract**

24. Defendants incorporate by reference their answers to paragraphs 1 through 23 above.

25. The allegations made in Paragraph 25 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

26. The allegations made in Paragraph 26 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

27. Denied.

**COUNT II – Negligence**

28. Defendants incorporate by reference their answers to paragraphs 1 through 27 above.

29. The allegations made in Paragraph 29 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

30. The allegations made in Paragraph 30 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

31. The allegations made in Paragraph 31 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

32. Denied.

**COUNT III – Malpractice**

33. Defendants incorporate by reference their answers to paragraphs 1 through 32 above.

34. The allegations made in Paragraph 34 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

35. The allegations made in Paragraph 35 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

36. The allegations made in Paragraph 36 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

37. The allegations made in Paragraph 37 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

38. Denied.

39. The allegations made in Paragraph 39 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

**COUNT IV – Breach of Fiduciary Duty**

40. Defendants incorporate by reference their answers to paragraphs 1 through 39 above.

41. The allegations made in Paragraph 41 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

42. The allegations made in Paragraph 42 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

43. Denied.

**COUNT V – Equitable Indemnity**

44. Defendants incorporate by reference their answers to paragraphs 1 through 43 above.

45. The allegations made in Paragraph 45 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

46. The allegations of Paragraph 46 are not directed to Defendants, but to the extent that an answer is required, Defendants deny the same.

47. The allegations made in Paragraph 47 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

48. The allegations made in Paragraph 48 are conclusions of law to which no response is required, but to the extent an answer is required, Defendants deny the same.

49. Denied.

**COUNT VI – Contractual Indemnity**

50. Defendants incorporate by reference their answers to paragraphs 1 through 49 above.

51. Defendants are unable to either admit or deny the allegations contained in Paragraph 51 of the Third-Party Complaint and leave the Third-Party Plaintiff to its proof thereof.

52. Denied.

**Second Defense**

The Third-Party Complaint is barred due to a lack of and/or failure of consideration.

**Third Defense**

The Third-Party Complaint is barred due to a lack of agreed upon terms and conditions.

**Fourth Defense**

The defendants state that the injury or damage complained of was caused in whole or in part by the negligence of the Third-Party Plaintiff, and that the Third-Party Plaintiffs' damages, if any, must be diminished in proportion to the amount of negligence attributable to it.

**Fifth Defense**

If the Third-Party Plaintiff was damaged as alleged, which is denied, the same was due to the acts or omissions of others for whom these defendants are not responsible.

**Sixth Defense**

The Third-Party Complaint fails to state a claim upon which relief may be granted.

**Seventh Defense**

If the plaintiff was damaged as alleged, which is denied, the same was due to the acts or omissions of others for whom these defendants are not responsible.

**Eighth Defense**

The Third-Party Plaintiff has failed to mitigate their damages.

**Ninth Defense**

The Third-Party Complaint fails to state a claim upon which relief may be granted based upon the defendant's performance of all duties in a manner consistent with the duty of care for attorneys in this jurisdiction.

**Tenth Defense**

The Third-Party Complaint must be dismissed due to the plaintiff's breach of any alleged contract or agreement.

**Eleventh Defense**

The Third-Party Complaint is barred by the doctrine of estoppel.

**Twelfth Defense**

The Third-Party Complaint is barred by the doctrine of waiver.

**Thirteenth Defense**

The plaintiff's complaint fails to state a claim for which relief may be granted.

**Fourteenth Defense**

The plaintiff may be barred from recovering in this matter by the doctrine of fraud.

**Fifteenth Defense**

The plaintiff may be barred from recovering in this matter due to misrepresentations made in her loan application.

**Sixteenth Defense**

The defendants were not negligent.

WHEREFORE, Defendants pray that this Court:

a. Enter judgment for the Third-Party Defendants, dismissing all claims;

b. Award the Third-Party Defendants costs, expenses and attorneys' fees; and

c. Grant such further relief as the Court may deem just.

**Jury Demand**

The Third-Party Defendants hereby demand a jury trial as to all triable issues of right and designates Mark T. Nugent as trial counsel.

**PAUL T. DICRISTOFARO, ESQ., PC,**
**D/B/A DICRISTOFARO LAW OFFICE**
**AND PAUL T. DICRISTOFARO, ESQ.,**

By their Attorneys,

MORRISON MAHONEY LLP

/s/ Mark T. Nugent
/s/ Thomas M. Robinson

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 23rd day of April 2008 a true copy of the foregoing was electronically filed and is available for viewing and downloading from the ECF system.

Christopher M. Lefebvre, Esq.
Law Office of Claude Lefebvre & Sons
2 Dexter Street
Pawtucket, RI 02860

Thomas J. Enright, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

/s/ Christine M. Montgomery