LTE.KalogerasAnswer

**UNITIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LAURA MASTRACCIO; ARLETTA AND
CHARLES KALOGERAS,
Plaintiffs

v. Case Number: 07-162S

WASHINGTON MUTUAL BANK, AS
SUCCESSOR IN INTEREST TO LONG
BEACH MORTGAGE COMPANY
Defendant/ Third Party Plaintiff

v.

LIBERTY TITLE & ESCROW COMPANY &
GARY D. MARINOSCI, ESQ.

DEFENDANTS' ANSWER TO THIRD PARTY COMPLAINT

Now come the Third Party Defendants, Liberty Title & Escrow Co and Gary D. Marinosci, Esq. and hereby and respond to Third Party Defendant's Complaint as follows:

1. Third Party Defendants Liberty Title & Escrow Company ("Liberty") and Gary D. Marinosci, Esq. (" Marinosci") are without sufficient information to either admit or deny this allegation and leave third Party Plaintiff Washington Mutual Bank ("WAMU") to its proof.
2. Admit.
3. Admit.
4. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

5. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

6. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

7. Admit.

8. Admit.

9. Admitted that Liberty acted as WAMU's closing agent. Denied that Marinosci acted as WAMU's closing agent.

10. Deny.

11. Admit.

12. Admitted as to Liberty. Denied as to Marinosci.

13. Admit.

14. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

15. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

16. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

17. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

18. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

19. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

20. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

21. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

22. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

23. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

24. This paragraph is not an allegation and no response is therefore required.

25. This paragraph is a conclusion of law and not an allegation. To the extent this paragraph may be interpreted as an allegation Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

26. Denied.

27. Denied.

28. This paragraph is not an allegation and no response is therefore required.

29. Admitted as to Liberty. Denied as to Marinosci.

30. Admitted as to Liberty. Denied as to Marinosci.

31. Denied.

32. Denied.

33. This paragraph is not an allegation and no response is therefore required.

34. Denied.

35. Admitted as to Marinosci.

36. Admitted as to Marinosci.

37. Denied as to Marinosci.

38. Denied as to Marinosci.

39. Denied as to Liberty. Denied as to any malpractice by Marinosci.

40. This paragraph is not an allegation and no response is therefore required.

41. Admitted as to Liberty. Denied as to Marinosci.

42. Denied.

43. Denied as to Liberty and Marinosci.

44. This paragraph is not an allegation and no response is therefore required.

45. This allegation does not pertain to either Liberty or Marinosci and no response is therefore required.

46. Denied.

47. Denied.

48. Liberty and Marinosci are without sufficient information to either admit or deny this allegation and leave WAMU to its proof.

49. Denied.

50. This paragraph is not an allegation and no response is therefore required.

51. Denied.

52. Denied.

WHEREFORE, Liberty and Marinosci demand judgment for Third Party Defendants, costs of suit, a reasonable attorney's fee and any and all other relief this Court deems just and proper.

Third Party Defendants
By Their Attorneys,

Christopher J. Zangari, Esq. #5442
Law Offices of Christopher J. Zangari, Esq.
1575 South County Trail
East Greenwich, RI 02818
401-751-8090 X114
401-541-3814
chris@zangarilawri.com

AFFIRMATIVE DEFENSES

1. Third Party Defendants assert the affirmative defense of unclean hands.
2. Third Party Defendants plead estoppel as any damages to Third Party Plaintiff are directly and proximately caused by Third Party Plaintiffs negligence.
3. Third party Plaintiff waived any claim of negligence against Third Party Defendants by requiring Third Party Defendants to transmit executed right to recind documents to Third Party Plaintiff prior to, and as a condition precedent to, loan funding as expressly provided in Third Party Plaintiff's closing instructions.

WHEREFORE, Liberty and Marinosci demand judgment for Third Party Defendants, costs of suit, a reasonable attorney's fee and any and all other relief this Court deems just and proper.

Third Party Defendants,
Liberty Title & Escrow Co. &
Gary D. Marinosci,
By Their Attorneys,

Christopher J. Zangari, Esq. #5442
Law Offices of Christopher J. Zangari, Esq.
1575 South County Trail
East Greenwich, RI 02818
401-751-8090 X114
401-541-3814
chris@zangarilawri.com

CERTIFICATION

I hereby certify that on the 5th day of May, 2008 I mailed a true and accurate copy of the foregoing Response to Thomas J. Enright, Esq., 2364 Post Road, Warwick, RI 02886 and Christopher M. Lefebvre, Esq., 2 Dexter Street, Pawtucket, RI 02860 , regular mail postage prepaid.