# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAURA MASTRACCIO; ARLETTA AND CHARLES KALOGERAS,<br>Plaintiffs<br><br>v.<br><br>WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY<br>Defendant/Third Party Plaintiff<br><br>v.<br><br>LIBERTY TITLE & ESCROW COMPANY; GARY MARINOSCI; PAUL T. DICRISTOFARO, ESQ., PC, D/B/A DICRISTOFARO LAW OFFICES; PAUL T. DICRISTOFARO | C.A. No. 07-162S |

## MOTION TO EXTEND THE PRE-TRIAL ORDER DEADLINES

Now comes Defendant, Third-Party Plaintiff, Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company ("WaMu"), and hereby respectfully moves to Extend the Pre-trial Order Deadlines. This request is limited in scope as will be discussed *infra*. As grounds for this motion, WaMu states as follows:

1. Plaintiff commenced this action on May 7, 2007. Plaintiff has brought a Truth in Lending Act action seeking rescission and damages.

2. On August 20, 2007, WaMu filed its answer to the complaint.

3. On October 1, 2007, the Plaintiff and WaMu appeared before this Court for a Rule 16 conference. At said conference procedural deadlines were set. WaMu was considering filing a third party complaint and anticipated the need to extend the deadlines should it is fact so file.

4. This Court scheduled a settlement conference with Magistrate Judge Lovegreen for December 5, 2007. Said conference was rescheduled to January 17, 2008.

5. Between the Rule 16 conference and the settlement conference, the undersigned engaged in negotiations with potential third party defendants to avoid the filing of a third party complaint and to facilitate a quick resolution of this matter.

6. At the January 17, 2008 settlement conference, WaMu discussed its intention to file a third party complaint as an agreement with the potential third party defendants could not be reached.

7. At the January 17, 2008 settlement conference, Magistrate Judge Lovegreen directed WaMu to notify him when WaMu received answers to its third party complaint so that arrangements could be made to conduct a second settlement conference with WaMu and the third party defendants.

8. On February 5, 2008, WaMu filed an Assented-to Motion for Leave to File a Third Party Complaint which was granted by this Court on February 8, 2008.

9. On February 20, 2008, WaMu filed its third party complaint against the third party defendants.

10. On April 24, 2008 and May 5, 2008, answers to the third party complaint were filed.

11. A settlement conference was scheduled for May 21, 2008 in front of Magistrate Judge Lovegreen.

12. Due to the filing of the third Party Complaint and the pending settlement conference, the parties filed an Assented-To Motion to Extend the Pre-Trial Deadlines on May 9,

2008 as the relevant deadlines, set prior to the filing of the Third Party Complaint, were due to expire. The Motion was granted by this Court on May 20, 2008.

13. The second settlement conference in front of Magistrate Judge Lovegreen was held as scheduled on May 21, 2008.

14. Due to an error in connection with electronic notification, counsel for Third Party Defendants Liberty Title & Escrow Company and Gary Marinosci did not receive notice of the May 21, 2008 conference. As such, a third settlement conference was held in front of Magistrate Judge Lovegreen on June 4, 2008.

15. After our attempts to settle this matter failed, the parties began engaging in discovery.

16. Requests for production of documents and admissions, as well as interrogatories have been exchanged, but responses to most are still outstanding.

17. The deposition of Laura Mastracchio and the 30(b)(6) deposition of WaMu are current scheduled for Friday, September 12, 2008. The deposition of Gary Marinosci is currently scheduled for September 17, 2008. The deposition of Paul Dicristofaro was originally scheduled for September 3, 2008 but has been continued generally to some time in the next two weeks due to scheduling conflicts.

18. The deadlines to complete discovery and file dispositive motions have since passed. Pre-trial memoranda are currently due September 16, 2008 and a calendar call has been scheduled for that same day with jury empanelment set for October 7, 2008.

19. On August 5, 2008, counsel for Plaintiff faxed a letter to Judge William E. Smith requesting a summary judgment conference. On August 7, 2008, counsel for Third Party Defendant Paul Dicristofaro faxed a letter to Judge William E. Smith objecting to the request.

20. WaMu believes a trial of the Plaintiffs' claims is unnecessary at this time as the issues may be resolved by way of cross motions for summary judgment.

21. As such, WaMu respectfully requests that this Honorable Court provide the parties leave to file motions and cross-motions for summary judgment on the underlying Complaint within 45 days of the order granting this Motion so as to obviate the need for a timely and expensive trial.

22. In order to fully adjudicate the claims raised by WaMu in its Third Party Complaint, additional time to complete discovery is necessary.

23. The Third Party Defendants have only been parties to this action since May 5, 2008, and the issues raised by the Third Party Complaint are more involved than those raised in the Complaint.

24. In its Third Party Complaint, WaMu has made allegations under six separate counts: Breach of Contract, Negligence, Malpractice, Breach of Fiduciary Duty, Equitable Indemnity and Implied Contractual Indemnity.

25. The undersigned provided notice to the parties on September 5, 2008 that he was intending to file this motion. The undersigned has received no response.

26. It is assumed that none of the Third Party Defendants would object to extension of the pre-trial order deadlines as discovery is still outstanding and they have only been parties to this action for four months.

27. The Court's allowance of this motion will not cause any party undue prejudice, delay, or expense.

28. WaMu respectfully request that this Court grant an extension of the deadlines set forth in the Pre-Trial Order such that: discovery in connection with the Third Party Complaint will close on October 31, 2008 and dispositive motions on the Third Party Complaint will be due on December 1, 2008; any pre-trial memoranda concerning the Third Party Complaint will be due 30 days from the decision on any such dispositive motion or if no dispositive motion is filed, December 1, 2008. To the extent this Honorable Court determines that a similar extension concerning the underlying Complaint is not necessary and/or warranted, WaMu also respectfully requests that this Court provide the parties leave to file motions and cross-motions for summary judgment on the underlying Complaint within 45 days of the order granting this Motion.

29. An in-chambers conference is currently scheduled for September 11, 2008 at 3:00 p.m., at which time WaMu hopes to discuss this Motion with the Court.

WHEREFORE, WaMu respectfully requests that this Honorable Court allow its Motion to Extend the Pre-trial Order Deadlines as detailed in paragraph 28 above.

WASHINGTON MUTUAL BANK, AS SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY
By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Thomas J. Enright

Thomas J. Enright (#7356)
2364 Post Road, Suite 100
Warwick, RI 02886
(401) 681-1914
(401) 681-1910 FAX
tje@psh.com

DATED: September 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2008, I electronically filed a Motion to Extend. I further hereby certify that upon receipt of the notice of electronic service of the Motion, a copy of said document will be served by first class mail, postage prepaid, to any of the parties listed below not noted as having received electronic service, said service being made on the 10th day of September, 2008.

Christopher M. Lefebvre, Esq.
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

Mark T. Nugent, Esq.
Morrison Mahoney LLP
10 Weybosset Street, Suite 900
Providence, RI 02903

Christopher J. Zangari, Esq.
1575 South County Trail
East Greenwich, RI 02818

/s/ Thomas J. Enright